MILWAUKEE & MISSISSIPPI RAILROAD COM-
PANY, Plaintiff in Error.

*vs.*

RICHARD FAIRCHILD, Defendant in Error.

ERROR TO THE MILWAUKEE CIRCUIT COURT.

A party cannot assign for error an erroneous instruction in his own favor given by
the court below to the jury on the trial.

Where a quantity of wheat was delivered to the M. & M. R. R. Co., at Eagle, to
be consigned to E. & W., Milwaukee, and on the next morning, after the arrival
of the train, the consignees called for the wheat and it could not be found, though
landed on their platform in Milwaukee the night previous. *Held*, that the com-
pany was liable for the value.

This was an action brought by the defendant in error against
the plaintiff in error for the value of sixteen bags of wheat,
averaging two and a half bushels each. Upon trial in the
court below the plaintiff proved the delivery of the wheat on
the defendant's railroad at the station at Eagle, to be trans-
ported to Milwaukee, consigned to Eddy and Watkins, com-
mission merchants at the latter place. The value of the wheat
was also proved. The consignees called the next morning at
the Milwaukee depot for the wheat, and it could not be found.
They continued to call there daily for several days, but were
unable to find it, and it was never found. Eddy & Watkins
paid the freight to the railroad company.

The defendant proved that the wheat was entered on the
freight bill of Nov. 1, 1854; that it arrived in Milwaukee the
succeeding night; that it was taken from the cars and put
upon the platform surrounding the defendant's warehouse, and
that this was the last they knew of it. The defendant further
proved that the platform where the wheat was deposited was

about four or five hundred feet long, with an office and ware-house at about the centre and a Railroad track on both sides. They also proved that the warehouse was about 40 by 60 feet —that it would not contain more than one-twentieth of the grain that arrived—that the company were not accustomed to notify consignees of the arrival of freight—and that they guarded and protected that immense amount of grain piled upon the platform, by surrounding the whole during the night by one regular watchman, and during the day time allowing the men employed about the depot to watch the depot and property there, as much as the nature of their employment would admit.

The court below charged the jury that the defendant as a common carrier was bound to deliver the wheat according to their undertaking, or show what became of it; that a delivery of the wheat upon the platform of the defendant's freight depot at Milwaukee was a valid delivery, and that upon such delivery, the liability of the defendant, as a common carrier, ceased, and that the freight paid included storage, and sub-jected the defendant to the liability of a bailee for hire. To this charge the defendant excepted. The jury found for the plaintiff, who had judgment accordingly.

*Finches, Lynde and Miller* for plaintiff in error, submitted no brief.

*Winsor and Smith*, for defendant in error.

The defendants were answerable to the plaintiff as common carriers, not only while the wheat was in transportation from Eagle to Milwaukee, but also until it was safely deposited in a suitable warehouse, or until the consignees were notified of its arrival, and had an opportunity afforded them to get posses-sion.

The wheat not having been deposited in a warehouse, and the consignees having had no notice nor opportunity to take possession, there was nothing shown to absolve the defendants from their liabilities as common carriers. Their lia-

bility was never reduced to the liability of mere warehousemen, for the reason that they never acted in that capacity. Kent's Com., 605 ; *Ostrander vs. Brown*, 15 ; J. R. 39 ; *Hollister vs. Nowlen*, 19, Wendell 234 ; *Cole vs. Goodwin* id 251 ; *Price vs. Powell*, 3 Comstock 322 ; *Fiske vs. Newton* 1 Denio 45 ; *Thomas vs. The Boston and Providence R. R. Co.*, 10 Metcalf 472 ; 1 Gray 263, id 277.

The charge that the freight paid included storage, and subjected defendants to the liability of a bailee for hire, was more favorable to defendants than the facts warranted. The amount paid for freight did include storage. Edwards on Bailments, 292 and 293 ; 26 Wend., 594 ; 7 Cowen, 502 and 503, note ; *Hyde vs. The Navigation Co.*, 5 T. R., 389.

*By the Court*, Cole, J. We have been furnished with no briefs by the counsel for the plaintiff in error, and therefore are ignorant of the points upon which they rely to reverse the judgment in this case. After examining the case we see no material error in the rulings or proceedings of the court below. The instruction of the court upon the point of what was a good and valid delivery by the company, is quite as favorable, if not more so, than the authorities would warrant. The court charged the jury that if the wheat in question was delivered by the company upon the platform of the company's freight depot in Milwaukee, that this would be a valid delivery, and the liability of the company as common carriers ceased. This certainly is carrying the doctrine in reference to delivery by common carriers of goods intrusted to them, quite as far, if not farther, than any well adjudged case I have been able to find has extended it. Story on Bailments, chap. 6 and cases in notes ; *Thomas vs. Boston and Providence R. R. Co.*, 10 Met., 472 ; *Norway Plains Co. vs. Boston and Maine R. R.*, 1 Gray, 263 ; *Hollister vs. Knowlen*, 19 Wend., 234 ; *Cole vs. Goodwin*, Id., 251 ; 2 Kent's Com., 604 and 605 and notes. There are no new questions arising upon the facts and circum-

stances of this case. Unless the whole law in regard to the duties and liabilities of common carriers is to be overthrown, the judgment in this case must be affirmed. The wheat was received by the company to be transported to Milwaukee and delivered to the consignees on demand. The agents of Fairchild demanded the wheat at the depot in Milwaukee, and it could not be, and has not been found. Upon what ground the company expected to avoid its obligation to pay for the wheat lost, while in its custody and control we cannot conjecture.

The judgment of the circuit court must be affirmed with costs.